## METZ et al. v. BELL.

### L. A. No. 1154; November 5, 1902.

#### 70 Pac. 618.

**Nonsuit.**—Where, in an Action on a Promise Made in a Letter written by defendant's intestate, the court struck out the testimony of the intestate's wife that the letter was the writing of her husband, and there was no other evidence in the record showing that he wrote it, the refusal to grant a nonsuit was erroneous.

**Appeal.**—Where the Record Purports to Contain All the Evidence taken at the trial of an action, the court on appeal will not presume that resort was had to evidence not disclosed by the record.

APPEAL from Superior Court, Los Angeles County; D. K. Trask, Judge.

Action by George E. Metz and another against Susan W. Bell, as administratrix of the estate of Nathaniel Bell, deceased. From a judgment for plaintiffs, defendant appeals. Reversed.

Henry C. Dillon and George A. Corbin for appellant; Oscar Lawler and Carroll Allen for respondents.

PER CURIAM.—This is an action upon a promise in writing alleged to have been contained in a letter written by Nathaniel Bell, now deceased, on October 18, 1896, and addressed to one of the plaintiffs, by which said Bell agreed to pay plaintiffs $5,000 in the event of a sale by Bell of certain mining property of his situate in Grant county, New Mexico, to any of the parties to whom plaintiffs had endeavored to sell the same, said sum to be paid upon payment in full of the purchase price obtained at such sale.

The plaintiffs' case depended almost entirely for evidence to support it upon the letter above referred to, and without said letter in evidence the case would be entirely without support. Against the objection and exception of defendant a foundation was laid for the introduction of this letter through the testimony of the defendant Mrs. Bell, she testifying that the letter was the writing of Mr. Bell. After the letter had been placed in evidence the court expressed some doubt as to the correctness of its ruling in permitting the witness to testify to her husband's handwriting, and seemed to think that it should have been excluded under the provision of subdivision 1, section 1881 of the Code of Civil Procedure, forbidding the examination of a husband or wife as a witness for or against each other without the other's consent, etc. On the suggestion of this difficulty in the mind of the court, the attorney for plaintiffs said: "Before the case is finished we will call an expert to testify as to handwriting." Subsequently a motion for nonsuit was made by defendant at the conclusion of plaintiffs' evidence, and on another suggestion of doubt in the mind of the court as to the competency of Mrs. Bell's evidence the motion to strike it out was renewed and granted in following language by the court: "Then the motion will be granted, and her testimony stricken out, as I consider all of her testimony immaterial in any event. She was called to prove nothing but the handwriting,

and they have proven that by the testimony of Mr. Metz.'' The motion for a nonsuit was immediately thereafter denied by the court. At no time was any evidence of experts introduced to prove that the letter of October 18th was written by Bell, nor was Metz at any time asked anything concerning the handwriting of that particular letter. He did testify that the letters attached to this deposition, or that would be attached thereto, were in the handwriting of Bell, and were received by him from Bell; but we have searched the record in vain for anything to show that the letter of October 18th was attached to the deposition. The letter itself was duly objected to when offered in evidence, and the only foundation for its introduction being stricken out, the letter necessarily also went out of the case. There is nothing to show that the other letters of Bell were used in any way to establish the handwriting of the letter of October 18th, and, inasmuch as the record purports to contain all the evidence taken at the trial, we cannot presume that resort was had to any evidence not disclosed by the record.

There is nothing in the argument that the circumstances of the case established the fact that the letter was written by Bell. As plaintiffs' case depended entirely upon this letter, the motion for a nonsuit should have been granted. And, as a new trial must be had for this reason, it will be unnecessary to discuss the other errors complained of. The failure to introduce the testimony of experts to prove the handwriting of the letter of October 18th doubtless resulted from the mistake of court and counsel in supposing that the handwriting of that letter had been established by the testimony of Metz in his deposition. This mistake will doubtless be remedied upon a new trial in such a way as to leave it unnecessary to determine whether Metz would be a competent witness to prove the handwriting of the deceased, Bell.

The judgment and order are reversed.